## Specker v. Specker

*J. H. Rothstein,* for libellant.
*J. J. Gallagher,* for respondent.

HICKS, P. J., May 3, 1937.—This action in divorce is grounded on the alleged desertion of the wife. In her answer she denies the desertion and sets up a resumption of marital relations as interrupting the continuity of the two years' period. The case was referred to a master for the purpose of taking testimony, and to make findings of fact, conclusions of law, and recommendation to the court. Exceptions were filed not only to his failure to make specific findings but also to such findings as he did make. The report is not in proper form for final disposition at our hands for the reasons which will now be set forth.

Rule 127 of our rules of court provides, inter alia, that the master shall make up a record roll with a strong backing paper, properly endorsed, so that when the record roll is opened for perusal there will appear, first, a copy of all the docket entries in the case, and then in their chronological order all the papers filed in the case. Next shall follow the master's minutes, the testimony and exhibits, his report, and a formulated decree in accordance with his findings of fact and conclusions of law. He shall find all the facts essential to a proper disposition of the case and shall state them in numbered paragraphs. Then shall follow his discussion of the facts and his conclusions of law, stated in separately numbered paragraphs. This rule has not been complied with.

Although the master finds, in his third and fourth findings of fact, that respondent left libellant on August 19, 1934, the cause of her leaving and the facts generally

showing whether she justifiably or unjustifiably left him are not found, yet in his fifth conclusion of law, he finds that she had not deserted him wilfully and maliciously and without reasonable cause. The factual basis for this legal conclusion does not appear in the report although it may be supported by the evidence, which we do not now decide.

The defense was that she left libellant because of her inability to live happily in her husband's home while her adult stepson lived with them, because of his quarrelsome disposition, and her entire willingness, at all times, communicated to libellant, to resume living together in a home apart from this stepson. Although this is referred to in the discussion of the master and is very material, no finding of fact was made in reference thereto.

Again, respondent defended upon the ground that while living separate and apart libellant came to visit her on several occasions, and on one of them, within the two-year period, stayed with her all night and had intercourse with her. But no fact was found with respect to this, although the master concluded, in his discussion, that the grounds of divorce were not made out because "the resumption of cohabitation after separation condones the action", citing Steiger v. Steiger, 41 Pa. C. C. 164. This is very vital in this case because the law is settled that two alleged periods of separation cannot be added together to secure a divorce for desertion, and that having marital intercourse would break the continuity of the desertion and bar the divorce: Trussell v. Trussell, 116 Pa. Superior Ct. 592, 601, 602, 603. In his discussion, the master refers to what respondent and her two witnesses testified, but this is not finding facts. It is necessary for a proper disposition of this case that the master definitely find the facts in this matter. In his sixth conclusion of law he says the desertion has not continued for a period of over two years. But why? From what findings of fact is this drawn? None is found. The same may be said of his conclusion of law no. 5, that respondent has not

deserted libellant wilfully and maliciously and without reasonable cause.

Although the paragraphs in the "Discussion" need not be numbered, we make no special complaint because the master numbered them. If he desired them to be considered as findings of fact they should have appeared under that heading, and even then five of the seven would not have been proper findings. To find a fact does not mean "Libellant states", "Respondent states", "Libellant and his witness have testified", "Respondent and her witnesses . . . all testified", and "Respondent testified". A finding of fact is the master's statement of the fact as found by him upon all the evidence after passing upon the credibility of the witnesses.

We have extended this discussion, not only because it is highly important for a proper disposition of the case, but because of the constant flagrant violations by masters of rule 127. It must be remembered while performing the duties of the master that rule 120 of our rules of court provides that the master shall have the usual powers of a referee in equity in regard to the detention of witnesses for examination and the general course of the proceedings before him, always subject to the direction and control of the court.

We will return this record to the master for correction in harmony with our observations herein. When a new report is made, opportunity must be accorded both sides to file exceptions. Hence, in compliance with rule 127, when the new report is completed, the master is directed to file it, and on the day of filing he shall notify counsel of record by registered letter of this fact. Exceptions thereto must then be filed within 10 days after the mailing of said notice.

And now, May 3, 1937, the report is now referred back to the master.

From G. Harold Watkins, Frackville.